Lonnie D. Giamela (SBN 228435)
    E-Mail: lgiamela@fisherphillips.com
Alvin Y. Okoreeh (SBN 346411)
    E-Mail: aokoreeh@fisherphillips.com
FISHER & PHILLIPS LLP
444 South Flower Street, Suite 1500
Los Angeles, California 90071
Telephone: (213) 330-4500
Facsimile:  (213) 330-4501

Attorneys for Defendant
ADT LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LOPEZ, an individual,<br><br>                    Plaintiff,<br><br>        v.<br><br>ADT LLC, a Delaware limited liability company; and DOES 1 through 20, inclusive,<br><br>                    Defendants. | Case No:<br>[*Removed from the Superior Court of California, Orange County, Case No. 30-2025-01457136-CU-WT-CJC*]<br><br>**DEFENDANT ADT LLC'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446**<br><br>[*Submitted with the Civil Cover Sheet, Notice and Petition of Removal, Notice to Adverse Parties, Corporate Disclosure Statement, Certificate and Notice of Interested Parties, Declaration of Marcia Gold, and Declaration of Lonnie D. Giamela*]<br><br>Complaint Filed:  January 29, 2025<br>Removal Date:     March 27, 2025<br>Trial Date:       Not Yet set |

1

DEFENDANT ADT LLC'S NOTICE OF REMOVAL OF ACTION FROM STATE COURT TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

FP 53695845.1

**TO PLAINTIFF, HIS COUNSEL OF RECORD, AND THE CLERK FOR THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant ADT LLC ("ADT" or "Defendant"), by and through its counsel of record, submit this Notice of Removal to remove this action from the Superior Court of the State of California, County of Orange, to the United States District Court for the Central District of California, pursuant to 28 U.S.C. Sections 1332, 1441, and 1446. In support of its removal, Defendant submits as follows:

## I. STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over this action based on diversity of citizenship pursuant to 28 U.S.C. Section 1332. This action may be removed to this Court by Defendant pursuant to 28 U.S.C. Sections 1332(a) and 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interests and costs, as set forth below. *See* 28 U.S.C. §§ 1332(a), 1441(b).

## II. VENUE

2. This action was originally brought in the Superior Court of the State of California, County of Los Angeles. Therefore, venue properly lies in the Central District of this Court pursuant to 28 U.S.C. Sections 84(c), 1441, and 1446(a).

## III. PROCEDURAL HISTORY

3. This lawsuit arises out of Plaintiff David Lopez's ("Plaintiff") employment with ADT LLC (hereinafter, "Defendant"). On or about January 29, 2025, Plaintiff filed a civil complaint against Defendant in the Superior Court of California, County of Orange, styled and captioned exactly as above, and assigned to case number 30-2025-01457136-CU-WT-CJC (the "Complaint"). The Complaint alleges the following causes of action: (1) Discrimination in Violation of California Family Rights Act (CFRA); (2) Retaliation in Violation of the CFRA;

(3) Associational Disability Discrimination; (4) Failure to Engage in a Good Faith Interactive Process; (5) Failure to Provide Reasonable Accommodations; (6) Retaliation in Violation of the Fair Employment and Housing Act (FEHA); (7) Failure to Prevent Discrimination Retaliation in Violation of the FEHA; and (8) Wrongful Termination in Violation of Public Policy.; *See* **Exhibit A** to the Notice of Removal ("Complaint"); Declaration of Lonnie D. Giamela ("Giamela Decl."), ¶ 2.

4. On February 3, 2025, Plaintiff's counsel served Defendant by mail service pursuant to California Code of Civil Procedure section 415.30. Giamela Decl., ¶ 3.

5. Pursuant to 28 U.S.C. Section 1446(a), true and correct copies of the Summons, Plaintiff's Complaint, and other related papers that were filed and served in the state court action are attached hereto as **Exhibit A.** *See* Giamela Decl., ¶¶ 2-3.

6. Based upon information and belief, as of the date of the filing of Defendant's Notice of Removal, a Notice of Case Assignment, January 29, 2025, Notice of Case Management, February 1, 2025, Notice of Hearing, February 1, 2025, and Notice of Acknowledgement and Receipt, February 27, 2025, have been filed in the state court action. Giamela Decl., ¶ 5.

## IV. TIMELINESS OF REMOVAL

7. Under 28 U.S.C. Section 1446(b), a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise[.]" The 30-day period for removal is triggered once service occurs. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

8. On February 3, 2025, Plaintiff served by mail service, the Summons and Complaint on Defendant. Giamela Decl. ¶ 3; *See* **Exhibit A**. Accordingly, Defendant has until March 27, 2025 to file this instant Notice of Removal.

## V.  REMOVAL IS SUBJECT TO A LIBERAL PLEADING STANDARD

9.  In 2014, the United States Supreme Court held that notices of removal are subject to the same general pleading standards applicable to complaints under Rule 8(a) of the Federal Rules of Civil Procedure, and accordingly, such notices need not attach evidence or meet a burden of proof, but need only contain a "short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (quoting 28 U.S.C. Section 1446(a)). This governing principle also applies to a removing party's allegations to the amount in controversy. *Id.*; *Garnett v. ADT LLC*, 74 F. Supp. 3d 1332, 1334 (2015). Only if the Court, or another party, contests the allegations of removability must the removing party submit evidence supporting its allegations, whereupon removability is decided under a preponderance of the evidence standard. *Dart Cherokee*, 574 U.S. at 88.

## VI.  BASIS FOR REMOVAL JURISDICTION

10.  This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. Section 1332 because Plaintiff and Defendant are citizens of different states, and thus Defendant is not a citizen of California, and the amount in controversy for Plaintiff exceeds $75,000.00, exclusive of interest and costs. Therefore, this action may be removed to this United States District Court under 28 U.S.C. Sections 1441 and 1446.

### A.  Complete Diversity of Citizenship Exists

#### 1.  *Plaintiff David Lopez's Citizenship*

11.  In Plaintiff's Complaint, he expressly alleges that he is a resident of Orange County, California. *See* Complaint, ¶ 1.

12.  For diversity purposes, a person is a "citizen" of the state in which the person is domiciled. 28 U.S.C. § 1332 (a)(1); *see Kanotor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983); *Kramer v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (confirming that a person's domicile is the place he

resides with the intention to remain). Residence is *prima facie* evidence of domicile. *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 885–886 (9th Cir. 2013); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *Lee v. BMW of North America, LLC*, Case No. SACV 19-01722 JVS (ADSx), 2019 WL 68338911, at *2 (C.D. Cal. Dec. 16, 2019). In fact, it is presumed that a natural person's residence is also his or her domicile, and a party resisting this presumption bears the burden of producing contrary evidence. *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986).

13. In the Complaint, Plaintiff alleges that he "at all times relevant to this action, [he] lived in Orange County, California." *See* Complaint, ¶ 1. Nothing in Plaintiff's Complaint or other pleadings suggests otherwise. Plaintiff is therefore domiciled in and a citizen of California.

### 2. Defendant ADT LLC's Citizenship

14. At the time of the filing of this action, Defendant was and continues to be a limited liability company. *See* Declaration of Marcia Gold ("Gold Decl."), ¶ 2; Complaint, caption.

15. For diversity purposes, in determining the citizenship of a limited liability company, courts look to the citizenship of each member of the company. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *Great S. Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 456–57 (1900) (refusing to extend the corporate citizenship rule to a "limited partnership association" although it possessed "some of the characteristics of a corporation"). *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1133 n. 2 (9th Cir. 2002) (unincorporated associations are not legal entities independent of their members).

16. At all times alleged in the State Lawsuit, at the time of the filing of this action, and at the time this Notice of Removal was filed, ADT was (and is) a limited liability company. ADT's sole member is The ADT Security Corporation, a Delaware corporation, with its principal place of business in Florida. *See* Gold

5

Decl., at ¶ 3. Pursuant to 28 U.S.C. § 1332(c)(1), The ADT Security Corporation, is a citizen of Delaware and Florida. ADT, therefore, is now, and was at the time this action was commenced, a citizen of Delaware and Florida. *See* Gold Decl., at ¶¶ 2-4. ADT LLC is not, and was not at the time of the filing, a citizen of the State of California within the meaning of the Acts of Congress relating to the removal of actions. 28 U.S.C. § 1332(c)(1).

17. ADT directs, controls, and coordinates the corporation's activities from its principal place of business in the state of Florida. *See* Gold Decl., at ¶4.

18. Doe Defendants 1 through 20 are not identified, have not been served, and are not considered for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under § 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.") *See also Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

19. Because Plaintiff is a citizen of California and ADT is a citizen of Delaware and Florida, Plaintiff and Defendant are citizens of different states for purposes of diversity jurisdiction. 28 U.S.C. § 1332(a)(1); *see Hertz Corp v. Friend,* 559 U.S. 77, 78-79 (2010).

**B.    The Amount in Controversy Requirement is Satisfied**

20. The Court has diversity jurisdiction over an action in which the parties are not citizens of the same state and "the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs." 28 U.S.C. § 1332(a). The amount in controversy for jurisdictional purposes is determined by the amount of damages at issue at the time of removal. *Piazza v. EMPI, Inc.*, No. 1:07-CV-00954-OWWGSA, 2008 WL 590494, at *14 (E.D. Cal. Feb. 29, 2008); *see also Merit-Care, Inc. v. St. Paul Mercury Ins. Co.* 166 F.3d 214, 217–218 (3d Cir. 1999), *abrogated on other grounds by Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005).

21. The amount in controversy can be determined from the complaint or from other sources, including statements made in the notice of removal. *See Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1117 (9th Cir. 2004); ("[W]e reiterate that the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint."); *Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001) (examining complaint and notice of removal for citizenship determination); *Cohn v. Petsmart, Inc.,* 281 F.3d 837, 839–40, n.2 (9th Cir. 2002) (considering settlement demand letter for purposes of determining amount in controversy).

22. The test for determining whether the minimum amount in controversy requirement is satisfied is whether it is "more likely than not" that the plaintiff seeks to recover more than $75,000 in the action, exclusive of interest and costs. *Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1031 (N.D. Cal. 2002); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006). The removing defendant need only to establish by *a preponderance of evidence* that the claims exceed the jurisdictional minimum. *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 982 (9th Cir. 2013); *Singer v. State Farm Mutual Auto. Ins. Co.,* 116 F.3d 373, 376 (9th Cir. 1997).

23. In assessing the amount in controversy for diversity jurisdiction purposes, the court must assume that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Bank of California Nat. Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972); *Kenneth Rothchild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002). It is thus appropriate to first examine the complaint to determine whether it is "facially apparent" that the claims exceed the jurisdictional amount. *See White v. FCI USA, Inc.*, 319 F.3d 672, 674–76 (5th Cir. 2003). Indeed, if the complaint seeks more than $75,000 in damages, removal on diversity grounds is proper unless the amount set forth in the complaint was stated in bad faith. 28 U.S.C. § 1446(c)(2); *See Sanchez v. Monumental Life. Ins. Co.*, 102 F.3d 398 (9th Cir. 1996). Here,

Defendant denies all liability as to Plaintiff's claims, however, even an extremely low estimate of what Plaintiff could recover would result in an overall recovery exceeding $75,000.00 if a jury ruled in favor of Plaintiff's claims for relief.

24.    In this matter, Plaintiff's Complaint explicitly states during his employment with ADT that "Plaintiff typically earned approximately $66,000.00 annually…." *See* Complaint ¶11. In the Complaint, Plaintiff seeks judgment against Defendant for compensatory damages; special damages, punitive and exemplary damages, and costs of suit, including attorney's fees. *See* Complaint, *Prayer* ¶¶ (1)-(6).

25.    Pursuant to his claim for compensatory damages, Plaintiff specifically seeks damages for economic loss for lost wages and other benefits and states he "will for a period of time in the future to obtain gainful employment…." *See* Complaint, ¶¶ 24, 36, 47, 58, 69, 81, 93, and 105, and Prayer, ¶ (1).  Here, Plaintiff claims because of Defendant's alleged unlawful conduct he has lost earnings and will continue to lose future earnings. Complaint ¶¶ 24, 36, 47, 58, 69, 81, 93, and 105, *Prayer* (I); Plaintiff was hired on or around September 24, 2018 and his employment with ADT ended in or around January 2024. Plaintiff was compensated solely by commission during his employment with ADT. Giamela Decl., ¶7.

26.    Plaintiff's approximate annual salary while employed by Defendant was $66,000.00. Complaint ¶11. Plaintiff's total earnings for 2019 was $52,928.64. Giamela Decl. ¶8, **Exhibit B.** Plaintiff's total earnings for 2020 was $69,537.63. Giamela Decl. ¶9, **Exhibit C.** Plaintiff's total earnings for 2021 was $88,448.17. Giamela Decl. ¶10, **Exhibit D.** Plaintiff's total earnings for the first half of 2022 was approximately $28,260.75. Giamela Decl. ¶11, **Exhibit E.** In response to Plaintiff's request for his payroll records my office provided Plaintiff's counsel with the exhibits referenced herein concerning Plaintiff's earnings. Giamela Decl. ¶12.

27.     Based on a conservative estimate of a trial date for this action occurring in January 2026, there will have been two years since Plaintiff was allegedly wrongful terminated, which Defendant denies, until the trial date. Giamela Decl., ¶13.  At Plaintiff's annual income, two years of lost wages totals approximately $132,000.00. *Id.*  For these reasons, Plaintiff's backpay claim could be at least $75,000 as of the date of Defendant's Notice of Removal. It is further likely that Plaintiff will seek lost wages from the date of his termination through the trial date. Assuming a modest award of one year of front pay from an anticipated trial in January 2026 through January 2027, that sum would equal $66,000.00. *Id.* In total, Plaintiff's subtotal claim for back pay and front pay is approximately $198,000.00. *Id.* Accordingly, while Defendant denies Plaintiff's allegations and requests for relief, it is more likely than not that Plaintiff will seek more than $75,000.00 for their alleged loss of salary and/or employment benefits as economic damages.

28.     Plaintiff is also seeking damages for lost benefits. Complaint ¶¶ 24, 36, 47, 58, 69, 81, 93, and 105. Assuming the cost of Plaintiff's employment benefits are approximately $5,000.00 a year, Plaintiff's alleged damages for lost benefits through a trial date in January 2026 (2 years from the date of his alleged termination in January 2024) would be approximately $15,000.00.

29.     Plaintiff also seeks to recover an unspecified amount in attorney's fees. *See* Complaint, *Prayer*, ¶(2). Attorneys' fees (future and accrued) are considered in determining whether the amount in controversy requirement has been satisfied if a plaintiff sues under a statute that authorizes an award of fees to the prevailing party. *See Galt GIS v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Fritsch v. Swift Transportation Co. of Arizona*, LLC, 899 F.3d 785, 794 (9th Cir. 2018); *see also Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The *Labor Code* provides for attorneys' fees to be awarded to successful

DEFENDANT ADT LLC'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§1332, 1441, AND 1446
FP 53695845.1

plaintiffs. *See* Cal. Lab. Code §218.5. Here, it is more than likely that Plaintiff's claimed attorney's fees, including future attorney's fees, will exceed $75,000, especially if this matter goes to trial.

30.    Based on the nature of the allegations and damages sought in the Complaint, Plaintiff has placed in controversy an amount exceeding the jurisdictional amount of $75,000.00, exclusive of costs and interest. Accordingly, pursuant to 28 U.S.C. Sections 1332 and 1441(a), this action may be removed to the United States District Court for the Central District of California because the Court retains diversity jurisdiction now and at the time this action was filed.

## VII.    NOTICE PROVIDED TO STATE COURT AND PLAINTIFF

31.    In accordance with 28 U.S.C. Section 1446(d), Defendant will, promptly after the filing this Notice with the above-entitled Court, give written notice thereof to all adverse parties (i.e., Plaintiff), and will file a copy of this Notice with the Clerk of Court of the Superior Court of the State of California, County of Orange. *See* Giamela Decl., ¶ 6.

32.    Pursuant to 28 U.S.C. § 1446 (b)(2)(A)-(C), all Defendants who joined and served in this matter consent to removal and join in this Notice of Removal.

33.    This notice is executed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

34.    In filing this notice, Defendant does not waive any defenses.

35.    In filing this notice, Defendant does not admit any of the allegations Plaintiff made in his State Lawsuit.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

DEFENDANT ADT LLC'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§1332, 1441, AND 1446
FP 53695845.1

## VIII. CONCLUSION

36. Based on the foregoing, Defendant respectfully requests that the above litigation, now pending before the Superior Court of California, County of Orange, be removed to this Court based on diversity jurisdiction.

Dated: March 27, 2025

FISHER & PHILLIPS LLP

By: Lonnie D. Giamela
Alvin Y. Okoreeh
Attorneys for Defendant
ADT LLC

DEFENDANT ADT LLC'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§1332, 1441, AND 1446

FP 53695845.1

# CERTIFICATE OF SERVICE

I, the undersigned, am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is 444 South Flower Street, Suite 1500, Los Angeles, California 90071.

On March 27, 2025 I served the foregoing document entitled **DEFENDANT ADT LLC'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446** on all the appearing and/or interested parties in this action as follows:

Edgar Manukyan                                    *Attorneys for Plaintiff, David Lopez*
Jirair Jerry Boyadzhyan
Manukyan Law Firm, APC                   Tel:       (818) 559-4444
505 N. Bland Blvd. Suite 810               Fax:      (310) 322-2252
Glendale, California 91203                     Email:   edgar@manukyanlawfirm.com
                                                                          jerry@manukyanlawfirm.com

☒     **[by MAIL]** - I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Sacramento, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☒     **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website.  The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☐     **[by ELECTRONIC SERVICE]** – Pursuant to an agreement of the parties to accept service by electronic transmission, I caused the aforementioned document(s) to be transmitted by e-mail to the address(s) listed.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed March 27, 2025 at Los Angeles, California.

Patricia De La Cruz                           By: _____
_____                                           Signature
          Print Name

---

1

CERTIFICATE OF SERVICE